**Opinion issued July 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00709-CV**

————————————

**RONALD B. LOVE, Appellant**

**V.**

**OFFICE OF THE ATTORNEY GENERAL AND JONTELLE YVETTE MITCHELL, Appellees**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 122613-F**

---

**MEMORANDUM OPINION**

Almost a decade ago, the trial court signed an order imposing child-support obligations on Ronald B. Love. Love has been trying to overturn the order ever since.

This appeal arises from a bill-of-review proceeding, in which Love challenges his child-support order. He sued both the mother of his child and the Office of the

Attorney General, which sought and secured the order. *See generally* TEX. FAM. CODE §§ 231.001–231.002, 233.001–233.029 (authorizing OAG to initiate actions to establish, modify, and enforce child-support obligations). He contends that the order is void due to defective service, and he alleges a variety of related claims.

OAG responded by asserting two affirmative defenses: res judicata and statute of limitations. The trial court agreed with OAG on both. The court entered findings of fact and conclusions of law supporting its ruling.[1]

We also agree that OAG established both defenses. We thus affirm.

## DISCUSSION

**1.    The trial court properly concluded that OAG established the defense of res judicata.**

OAG established the defense of res judicata. Under Texas law, the elements of res judicata are: a prior final judgment on the merits by a court of competent jurisdiction, identity of the parties or those in privity with them, and a second action based on the same claims or claims that could have been raised in the first suit. *Rosetta Res. Operating v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022).

---

[1]    As a matter of procedure, OAG initially asserted its defenses in a plea to the jurisdiction. The trial court ultimately held a hearing on the defenses, at which OAG introduced evidence, and Love (who participated) stated on the record that he had no objection to this evidence. Love neither objected to hearing these defenses in the posture at issue nor objected to consideration of them on another ground. In this Court, both parties have briefed the merits of OAG's defenses, and Love does not complain of any procedural irregularities in the trial court. There is thus no challenge to the process at issue before us.

OAG established each of these elements. It introduced into evidence a prior order from another suit, in which the trial court rejected Love's claim that the child-support order was void due to defective service. That order recites that Love "did not contest being personally served" in the suit that resulted in the child-support order he argues is void. That order further recites that "the technical defect in the return of service" on which Love relies was "not sufficient to nullify personal service" or make the order void. Love, the mother of his child, and OAG were all parties to this prior lawsuit. And it is undisputed that Love did not appeal from that order, which has become final.

Because Love alleges the same claim in this bill-of-review proceeding that he asserted unsuccessfully in the prior suit (that defective service renders the child-support order void), his claim is barred by res judicata. *See id.*

Love counters that a void judgment cannot establish res judicata. We agree that a void judgment generally has no preclusive effect. *See Engelman Irrigation Dist. v. Shield Bros.*, 514 S.W.3d 746, 750 (Tex. 2017) (res judicata does not apply when judgment is void because it was rendered without subject-matter jurisdiction). But that does not help Love's position. The preclusive effect of the child-support order is not what is at issue in this case.

Rather, the question before us is whether Love may relitigate the purported voidness of the child-support order after he already unsuccessfully did so once

before. In other words, what is at issue is the preclusive effect of the trial court's final order in the prior lawsuit rejecting Love's defective-service and voidness claims. That prior judicial determination is conclusive here. *See id.* at 752–53 (res judicata bars claim that prior judgment is void due to lack of subject-matter jurisdiction when subject-matter jurisdiction was already litigated in prior proceeding). As one of our sister courts aptly explained, while we agree that an appellant may challenge a judgment on the ground that it is void, "we disagree that a litigant may have two, three, five, or ten bites at the apple to establish that the underlying judgment is void." *Chandler v. Chandler*, 991 S.W.2d 367, 393 (Tex. App.—El Paso 1999, pet. denied).

Based on the evidence in the record, we hold that OAG conclusively proved its defense of res judicata.

### 2. The trial court properly concluded that OAG established the defense of limitations.

So too with the statute of limitations defense. To the extent any of Love's claims remain viable, they fail under the four-year statute of limitations.

Unless a particular statute establishes a different limitations period for a bill-of-review proceeding (and none does here), the applicable statute of limitations is four years. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226–29 (Tex. 2015). Love does not dispute that a four-year statute of limitations applies.

As Love further acknowledges, the child-support order was signed in September 2016. He initiated the instant bill-of-review proceeding in April 2023. Thus, the record shows Love filed his current challenge to the child-support order more than six-and-a-half years after it was signed. Love does not dispute this fact, which establishes OAG's limitations defense. *See id.*

Love counters that his claims did not accrue when the child-support order was signed because, he argues, OAG misled him by informing him that it would reschedule the hearing that resulted in the child-support order. He argues that OAG thus committed extrinsic fraud.

Extrinsic fraud may toll the running of limitations for a bill of review. *Id.* at 221. But extrinsic fraud will not toll limitations indefinitely; when this exception applies, limitations begin to run when the litigant knew or should have known about the judgment. *PNS Stores v. Rivera*, 379 S.W.3d 267, 277 n.16 (Tex. 2012).

Here, OAG introduced court filings showing that Love became aware of the child-support order more four years before he initiated this bill-of-review proceeding. For example, in December 2017, Love filed a petition for a writ of habeas corpus seeking to vacate the same child-support order he challenges here. Thus, even if we were to assume extrinsic fraud, limitations nonetheless expired well before Love initiated this proceeding. *See id.*

Based on the evidence in the record, we hold that OAG conclusively proved its limitations defense.

## CONCLUSION

We affirm the trial court's judgment.

We dismiss all pending motions as moot.

Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.